IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1858, IN THE FORTY-SECOND
YEAR OF THE STATE.

———————•———————

## DRAGGOO *v.* DRAGGOO.

The defendant, in this case, claimed as a set-off the amount of a note made
jointly by the plaintiff and himself, alleging that he, defendant, was only
surety, and that he had paid the whole note. To prove this, he called the
plaintiff as a witness. Plaintiff testified that defendant had paid the note,
and then went on to testify to a series of arrangements between him and
defendant, by which he had satisfied the latter. Defendant then offered him-
self as a witness touching these further facts, but he was rejected. *Held,*
that he should have been admitted.

APPEAL from the *Lagrange* Court of Common Pleas. *Monday, May 24.*
*Per Curiam.*—In this case the defendant called the plain-
tiff as a witness to answer three inquiries. He answered
them, and then proceeded to state further facts. The de-
fendant then offered himself as a witness as to those fur-
ther facts. He was rejected. The statute is that, "any
party examined by an adverse party may testify in his own
behalf in respect to any matter pertinent to the issue; but
if he testify to any new matter not responsive to the inqui-
ries put to him by the adverse party, such adverse party
may offer himself as a witness on his own behalf in respect

May Term,
1858.

to the new matter, and shall be received." 2 R. S. p. 96, § 300.

It is not easy to determine, in every case under this provision, what shall be regarded as new matter. The testimony must all be pertinent to the issue, still, though thus pertinent, it may be new matter. It must be responsive to the question put, or it will be such matter. But how wide a range of explanatory facts may be given in response to an inquiry? This is the difficulty.

Here, the defendant claimed, as a set-off to the plaintiff's suit, the amount of a note made jointly by the plaintiff and defendant to a third person. The defendant claimed that he paid the whole of the note, that he was but a surety on the note, and, hence, was entitled to the whole amount. One step in making out his case would be to prove that he paid the whole of the note. To prove this, he called the plaintiff, and asked him who paid said note. He replied that the defendant paid it. He then went on to testify to a series of arrangements between him and the defendant, by which he had satisfied the latter, &c.

We think this was new matter, and that the defendant should have been allowed to testify (1).

The judgment is reversed with costs. Cause remanded, &c.

*A. Ellison,* for the appellant.

(1) See *Thompson* v. *Shaefer,* 9 Ind. R. 500.